# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ALI JUMA, | * | |
|     Petitioner, | * | |
| VS. | * | CASE NO. 5:97-CR-36- DF |
| | | Motion For Modification of Sentence |
| UNITED STATES OF AMERICA, | * | Pursuant to 18 U.S.C. § 3582(c)2) |
|     Defendant. | * | |

## REPORT AND RECOMMENDATION

Petitioner was convicted by jury of two counts of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) i/c/w 18 U.S.C. § 2, and of two counts of possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) on April 9, 1998. (R-5). Subsequent to a sentencing hearing on July 30, 1998, the District Court sentenced Petitioner to serve a total of 397 months imprisonment. (R-6). Petitioner appealed his convictions and sentence and the same were affirmed by the Eleventh Circuit Court of Appeals on August 5, 1999. (R-49).

Petitioner Juma seeks modification of the imposed term of imprisonment based upon the clarifying amendments 591 and 599, both effective November 1, 2000.

Title 18 U.S.C. § 3582 provides:

**(c) Modification of an Imposed Term of Imprisonment.** — The court may not modify a term of imprisonment once it has been imposed except that – –

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under the mandate of U.S.S.G. § 1B1.2, the court through the PreSentence Investigation (PSI), appropriately "determined the offense guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction( i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted." The appropriate offense guideline section in Chapter Two applicable to Petitioner's conduct, as charged in the indictment, was determined to be U.S.S.G. § 2B3.1(a), applicable to Armed Bank Robbery. Amendment 591 was inapplicable to Petitioner's offenses of conviction inasmuch the Guideline Commission clearly stated the **Reason for Amendment:**

> This amendment addresses a circuit conflict regarding whether the enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant individuals) apply only in a case in which the defendant was convicted of an offense referenced to the guideline or, alternatively in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a prodected individual.

Moreover, despite Petitioner's contention that "imprisonment has also been

2

subsequently lowered as a result of Amendment 599's impermissible double counting" (or "duplicative punishment"),", the Petitioner's sentence calculation did not violate Amendment 599's intent. In fact, this court preceived the inequity of impermissible double counting or duplicative punishment and anticipated amendment 599 at the time of Petitioner's sentence.

In ¶ 16 the PSI clearly notes:

> Pursuant to U.S.S.G. § 2B3.1(b)(2)(A), the offense level is ordinarily increased by seven levels when a firearm is discharged. In this case, however, because the defendant was also convicted of the offense of Possession of a Firearm During a Crime of Violence, (and) the guidelines provide for a mandatory consecutive sentence of five years, and **direct that the offense level not be increased.** (emphasis added)

Likewise, at ¶ 24, the PSI deals with the the second Armed Bank Robbery, stating:

> The guideline for a violation of 18 U.S.C. § § 2113(a) and § 2113(d), armed bank robbery, is located at U.S.S.G. § § 2B3.1. Pursuant to U.S.S.G. § § 2B3.1(a), the base offense level is 20.

Paragraph 26 states:

> Pursuant to U.S.S.G. § 2B3.1(b)(2)(A), the offense level is ordinarily increased by six (sic) levels when a firearm is discharged. In this case, however, because the defendant was also convicted of the offense of Possession of a Firearm During a Crime of Violence, the guidelines provide for a mandatory consecutive sentence of 20 years[1] and direct that the offense level not be increased.

---

[1] *See* 18 U.S.C. § 924(c) provides for a mandatory consecutive 20 year sentence for a second conviction of use of a firearm during a crime of violence.

Petitioner's PSI showed, in ¶ ¶ 73-75, that his statutory maximum terms of imprisonment for the two armed bank robberies would be 25 years on each conviction, with a mandatory 5 year consecutive term of imprisonment for the first firearm conviction and a mandatory 20 year consecutive term of imprisonment for the second firearm conviction. The statutory maximum, therefore, would have been 800 months imprisonment. However, in ¶ 76, the PSI set out the guideline sentencing range based upon these calculations, without any "impermissible double counting" or "duplicate punishment," at 78 to 97 months imprisonment for Counts 1 and 3, a mandatory consecutive sentence of 60 months imprisonment for Count 2, and a mandatory consecutive sentence of 240 months imprisonment for Count 4. The total guideline range, therefore, was a minimum of 378 months to a maximum of 397 months imprisonment. The court imposed the latter.

Petitioner Juma has shown no violation of either Amendment 591 or 599, nor has he shown entitlement to any modification of his sentence based on the provisions of 18 U.S.C. § 3582(c)(2). Wherefore, it is Recommended that his Motion For Modification of Imposed Term of Imprisonment be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 21 day of December 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE