IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 5:97-CR-36 (HL) |
| **ALI JUMA,** | |
| Defendant. | |

**ORDER**

Before the Court is Defendant Ali Juma's motion for relief from payment of a criminal monetary penalty. (Doc. 131). As part of his sentence, the Court Ordered Defendant to pay $18,509.80 in restitution. Defendant argues that payment of restitution is a burden and a hardship. He further states that the Bureau of Prisons ("BOP") has denied him certain benefits, such as involvement in programs, transfer requests, and credit for good time, because he does not have the funds to satisfy the judgment. Defendant claims the BOP's actions are illegal. For the following reasons, the Court **DENIES** Defendant's motion.

On April 9, 1998, a jury found Defendant guilty of two counts of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d) i/c/w 18 U.S.C. § 2, and two counts of possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The Court sentenced Defendant to serve a total term of imprisonment of 397 months and to pay restitution in the amount of $18,509.80. Defendant's conviction and sentence were affirmed on appeal.

"The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605-606 (11th Cir. 2015) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1319 (11th Cir. 2002)). Under the circumstances presented in this case, there is no statute or rule authorizing modification of Defendant's restitution obligation. The Mandatory Victims Restitution Act provides where, as here, a defendant is convicted of a crime of violence, restitution is mandatory. 18 U.S.C. § 3663A(a)(1) and (c). "The restitution award must be the full amount of the victim's loss that was actually and proximately caused by the defendant's conduct, regardless of the defendant's current or anticipated ability to pay." United States v. Collins, 854 F.3d 1324, 1329 (11th Cir. 2017). A sentence that imposes an order of restitution is a final judgment. 18 U.S.C. § 3664(o). "[A] district court may not modify a mandatory order of restitution unless one of the circumstances listed in § 3664(o) applies. Puentes, 803 F.3d at 608.

None of the circumstances listed in § 3664(o) apply in this case. Defendant's sentence has not been "corrected under Rule 35," 18 U.S.C. § 3664(o)(1)(A); his sentence has not been "appealed and modified," id. § 3664(o)(1)(B); his sentence was not "amended" upon discovery of additional losses by the victim, id. § 3664(o)(1)(C); and his sentence was not "adjusted" based on his economic circumstances, id. § 3664(o)(1)(D). See Puentes, 803

F.3d at 608. Defendant's motion to be relieved from the order of restitution accordingly is **DENIED**.

    **SO ORDERED**, this the 6th day of July, 2022.

                                    *s/ Hugh Lawson*
                                    **HUGH LAWSON, SENIOR JUDGE**

aks