IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Case No. 5:97-cr-36-TES-CHW |
| : | |
| **ALI JUMA,** : | |
| : | |
| **Defendant.** : | |
| : | |

# ORDER

Defendant Ali Juma has filed a "motion to rectify the mistake on my sentencing computation" (Doc. 143), in which he argues that his sentence has not been calculated correctly and his pre-sentencing jail time has not been credited and applied to his sentence. Defendant provided his sentence computation sheet, which demonstrates there are no calculation or crediting errors. (Doc. 143-1, p. 2-3). But even if there were, as explained below, this Court is not the proper venue for Defendant's motion. Defendant's motion (Doc. 143-1) is **DISMISSED**.

Defendant was sentenced originally on July 30, 1998, to serve 397 months to be served in federal custody, followed by five years supervised release. (Docket Note from July 30, 1998; Doc. 43). The Court recently amended Defendant's sentence under Amendment 821, which reduced Defendant's sentence to 387 months. (Doc. 140).

Defendant now contends that the credit from his recently amended sentence plus credit for the year he was in jail, should result in his immediate release. (Doc. 143, p. 2). Defendant has submitted a copy of his sentence computation form, which gives Defendant "jail credit" from May 13, 1997 through July 29, 1998, totaling 443 days. (Doc. 143-1, p. 2-3). The form also reflects Defendant's amended aggregate sentence, 387 months, being calculated from July 30, 1998, his sentencing date. (*Id.*, p. 2). From July 30, 1998, a 387 month sentence, even with Defendant's jail

credit applied, would expire on August 12, 2029, which is the date reflected on the computation form. (*Id.*, p. 3). Therefore, there is no mistake to rectify.

If there were a mistake, however, this Court would not be the correct forum in which to seek relief. "Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010). The calculation of a term of imprisonment, including credit for time served in official detention prior to the date of sentencing, is governed by 18 U.S.C. § 3585. Such calculations are an administrative function entrusted to the Bureau of Prisons, which "initially possesses the exclusive authority . . . to compute sentence credit awards after sentencing." Rodriguez v. Lamer, 60 F.3d 745, 746 (11th Cir. 1995). *See also* United States v. Wilson, 503 U.S. 329 (1992). Because the granting of credit for time served is "in the first instance an administrative, not a judicial function," a claim for credit for time served may be raised in a petition under 28 U.S.C. § 2241 only after the exhaustion of administrative remedies. United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)). An attachment to Defendant's motions seems to indicate that he has a least tried to pursue the administrative process with the BOP. (Doc. 143-1, p. 1). Whether Defendant exhausted, however, is not entirely clear.

Even if Defendant had exhausted his administrative remedies, this Court would not have jurisdiction to hear his petition under Section 2241. A Section 2241 petition must be brought in the district court for the district in which the defendant is incarcerated. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Because Defendant is incarcerated in the Northern District of New York, a court in that district would be the appropriate forum for any Section 2241 petition concerning the calculation of Defendant's sentence.

Although it appears that Defendant's claim lacks merit, Defendant's claim is properly brought in a petition under 28 U.S.C. § 2241 in the district of incarceration, following exhaustion of administrative remedies. Because there is no clear indication that Defendant has exhausted administrative remedies, and because this Court lacks jurisdiction to entertain a Section 2241 petition in this case, Defendant's "motion to rectify the mistake on my sentencing computation." (Doc. 143) is **DISMISSED**.

**SO ORDERED**, this 12th day of August, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge